**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Charu Brazil ADAMS, Defendant-Appellant.**

**No. 15-50233**

United States Court of Appeals, Ninth Circuit.

Submitted April 11, 2017 *

Filed April 20, 2017

Ryan A. Sausedo, Helen H. Hong, Assistant U.S. Attorney, Office of the US Attorney, San Diego, CA, for Plaintiff-Appellee

John Owen Lanahan, Attorney, Law Office of John Lanahan, San Diego, CA, for Defendant-Appellant

** The Honorable John R. Tunheim, Chief United States District Judge for the District of Minnesota, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

**494**

Before: GOULD, CLIFTON, and HURWITZ, Circuit Judges.

MEMORANDUM **

Charu Brazil Adams appeals from the district court's judgment and challenges the 78-month sentence imposed following his guilty-plea conviction for importation of methamphetamine, in violation of 21 U.S.C. §§ 952 and 960. We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand for resentencing.

Adams contends that the district court erred in denying a minor role reduction to his base offense level under U.S.S.G. § 3B1.2(b). After Adams was sentenced, the United States Sentencing Commission issued Amendment 794 ("the Amendment"), which amended the commentary to the minor role Guideline. The Amendment is retroactive to cases pending on direct appeal. *See United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016).

The Amendment clarified that, in assessing whether a defendant should receive a minor role adjustment, the court should compare him to the other participants in the crime, rather than to a hypothetical average participant. *See* U.S.S.G. App. C. Amend. 794; *Quintero-Leyva*, 823 F.3d at 523. In addition, the Amendment clarified that "[t]he fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative." U.S.S.G. § 3B1.2 cmt. n.3(C) (2015). Finally, the Amendment added a non-exhaustive list of factors that a court "should consider" in determining whether to apply a minor role reduction. *See id.* Because we cannot determine from the record whether the district court followed the guidance of the Amendment's clarifying language and

considered all of the now-relevant factors, we vacate Adams's sentence and remand for resentencing under the Amendment. *See Quintero-Leyva*, 823 F.3d at 523-24.

**VACATED and REMANDED for resentencing.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).